UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-21297-CIV-O'SULLIVAN

[CONSENT]

PRECIOUS INTERIOR DESIGNS, INC.,

    Plaintiff,

v.

PEDRO JULIO ASTACIO,

    Defendant.
_____/

## ORDER

THIS MATTER came before the Court on the defendants' Motion to Dismiss Verified Amended Complaint with Requests for Maritime Writs of Attachment and Incorporated Memorandum of Law (DE # 21, 10/17/07). Having reviewed the applicable filings and the law, it is

ORDERED AND ADJUDGED that the defendants' Motion to Dismiss Verified Amended Complaint with Requests for Maritime Writs of Attachment and Incorporated Memorandum of Law (DE # 21, 10/17/07) is **GRANTED** for the reasons set forth below.

## BACKGROUND

This action arises from the defendant's purported failure to pay the plaintiff for services rendered. The plaintiff alleges that it was retained by the defendant to provide interior design and interior repair services on the defendant's vessel. See Verified Amended Complaint (DE# 11 at ¶ 5, 10/2/07). According to the plaintiff, it performed pursuant to the parties' agreements but was not paid for its work. Id. at ¶ 6.

In its Verified Amended Complaint, the plaintiff alleges the following causes of action: breach of contract (Count I), breach of oral contract (Count II), unjust enrichment

(Count III) and fraudulent inducement (Count IV). See Verified Amended Complaint with Requests for Maritime Writs of Attachment (DE# 11, 10/2/07).

On October 17, 2007, the defendant moved to dismiss Counts III (unjust enrichment) and IV (fraudulent inducement) of the Verified Amended Complaint. See Motion to Dismiss Verified Amended Complaint with Requests for Maritime Writs of Attachment and Incorporated Memorandum of Law (DE# 21, 10/17/07). The plaintiff filed Plaintiff's Response to Defendant's Motion to Dismiss Verified Amendment Complaint (DE# 22) on October 19, 2007. The defendant's Reply to Plaintiff's Response to Defendant's Motion to Dismiss Verified Amended Complaint was filed on October 26, 2007.

## STANDARD OF REVIEW

A motion to dismiss a complaint should not be granted unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." See Bradberry v. Pinellas County, 789 F.2d 1513, 1515 (11th Cir. 1986). In deciding a motion to dismiss, the Court's analysis is limited to the four corners of the plaintiff's complaint and the attached exhibits. Grossman v. Nationsbank, 225 F.3d 1228, 1231 (11th Cir. 2000). The Court must also accept the plaintiff's well pled facts as true and construe the complaint in the light most favorable to the plaintiff. Caravello v. American Airlines, Inc., 315 F. Supp. 2d 1346, 1348 (S.D. Fla. 2004) (citing United States v. Pemco Aeroplex, Inc., 195 F.3d 1234, 1236 (11th Cir. 1999)(en banc)). The issue to be decided by the Court is not whether the plaintiff will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scheuer, 468 U.S. 183 (1984).

## **MOTION TO DISMISS**

**I.     Count III - Unjust Enrichment**

The defendant argues that Count III (unjust enrichment) should be dismissed because equitable remedies are unavailable where the plaintiff seeks to enforce a contract. See Motion to Dismiss Verified Amended Complaint with Requests for Maritime Writs of Attachment and Incorporated Memorandum of Law (DE# 21 at 2, 10/17/07). The Court agrees. In paragraphs 29 and 30 of its unjust enrichment claim and paragraph 5[1] of the Verified Amended Complaint, the plaintiff refers to a contract entered into by the parties. See Verified Amended Complaint with Requests for Maritime Writs of Attachment (DE# 11 at 5, 10/2/07). The plaintiff's reference to a contract in its unjust enrichment count undermines this claim. The plaintiff's unjust enrichment count is also defective because the plaintiff fails to allege that it has no adequate remedy at law. "It is well settled in Florida that unjust enrichment is an equitable remedy and is, therefore, not available where there is an adequate legal remedy. Thus, to properly state a claim for unjust enrichment, a party must allege that no adequate legal remedy exists." American Honda Motor Co., Inc. v. Motorcycle Information Network, Inc., 390 F. Supp.2d 1170, 1178 (M.D. Fla. 2005).  As such, the defendant's motion to dismiss is **GRANTED** as to Count III of the Verified Amended Complaint.

Nonetheless, under Rule 8 of the Federal Rules of Civil Procedure, a party may plead in the alternative. See Fed. R. Civ. P. 8 (providing that "[r]elief in the alternative or

---

[1] In Count III, the plaintiff incorporates by reference paragraphs 1 through 14 of the Verified Amended Complaint. See Verified Amended Complaint with Requests for Maritime Writs of Attachment (DE# 11 at 5, 10/2/07).

of several different types may be demanded.). Thus, should the plaintiff wish to assert a proper claim for unjust enrichment, the plaintiff shall file a second amended complaint by **Tuesday, November 13, 2007**.

## II.     Count IV -    Fraudulent Inducement

The defendant argues that Count IV should be dismissed because a claim of fraud in the inducement is barred by Florida's economic loss rule. See Motion to Dismiss Verified Amended Complaint with Requests for Maritime Writs of Attachment and Incorporated Memorandum of Law (DE# 21 at 2, 10/17/07). The plaintiff responds that its fraudulent inducement claim is not barred by Florida's economic loss rule because the claim is independent of the contract. See Plaintiff's Response to Defendant's Motion to Dismiss Verified Amended Complaint (DE# 22 at 3, 10/19/07).

"The economic loss rule is a judicially created doctrine that sets forth the circumstances under which a tort action is prohibited if the only damages suffered are economic losses." Indemnity Ins. Co. of North America v. American Aviation, Inc., 891 So. 2d 532, 536 (Fla. 2004). In Indemnity Ins. Co. of North America, the Florida Supreme Court explained that the economic loss rule applies "when the parties are in contractual privity and one party seeks to recover damages in tort for matters arising from the contract." Id. at 536. "The prohibition against tort actions to recover solely economic damages for those in contractual privity is designed to prevent parties to a contract from circumventing the allocation of losses set forth in the contract by bringing an action for economic loss in tort." Id. (citing Ginsberg v. Lennar Fla. Holdings, Inc., 645 So. 2d 490, 494 (Fla. 3d DCA 1994) ("Where damages sought in tort are the same as those for breach of contract a plaintiff may not circumvent the contractual relationship by bringing an action in tort.")).

4

Notwithstanding the general prohibition against recovery of economic damages in a tort action, under Florida law, such recovery is allowed when the claim involves a tort committed independently of the breach of contract. Indemnity Ins. Co. of North America, 891 So. 2d at 537.  In HTP, Ltd., the Florida Supreme Court stated that:

> [t]he economic loss rule has not eliminated causes of action based upon torts independent of the contractual breach even though there exists a breach of contract action.  Where a contract exists, a tort action will lie for either intentional or negligent acts considered to be independent from the acts that breached the contract.

HTP, Ltd. v. Lineas Aereas Costarricenses, S.A., 685 So. 2d 1238, 1239 (Fla. 1996).

When fraud in the inducement is independent of the breach of contract claim, such tort claim is actionable and not barred by the economic loss rule. In Eclipse Medical, inc. v. American Hydro-Surgical Instruments, Inc., 262 F. Supp. 2d 1334, 1354 (S.D. Fla. 1999), this Court compared the facts necessary to prove the tort claim for tortious interference with the breach of contract claim in accordance with Florida law. This Court determined that the facts necessary to prove the claim for tortious interference were identical to the facts needed to prove a breach of contract.  Also, the damages sought under both claims were identical. Id. at 1353-54. Accordingly, this Court held that the tort claim was barred by the economic loss rule.  Id. at 1354.

Here, the plaintiff's claim for fraudulent inducement is based on the defendant's statements to the plaintiff that he would pay all amounts due for the service and repair work performed on the defendant's vessel. See Verified Amendment Complaint (DE# 11 at ¶ 34, 10/2/07). The plaintiff's breach of contract claim alleges that the defendant "has failed to comply with the contract and/or pay [the plaintiff] for repairs and services rendered to the vessel . . . ." See Verified Amended Complaint (DE# 11 at ¶ 21,

10/2/07). Thus, the plaintiff's fraudulent inducement claim is so entwined with the performance of the contract, that it is barred by the economic loss rule.  Additionally, the plaintiff claims the same monetary damages in its breach of contract claims[2] and its fraudulent inducement claim.

The plaintiff attempts to distinguish it breach of contract claims from its fraudulent inducement claim by arguing that the defendant and his wife made requests that were extraneous to the plaintiff's obligations under the contract. See Plaintiff's Response to Defendant's Motion to Dismiss Verified Amended Complaint (DE# 22 at 4, 10/19/07). The plaintiff cites the following examples:

> Defendant[ ] and Defendant's wife . . . continually ask[ed] Plaintiff's representative to purchase numerous items, including personal items, unrelated to the contract or the vessel and to otherwise continue to act for Defendant or the vessel on an almost 'on call' basis. . . . Plaintiff's employees and contractors bent over backwards to service Defendant, his wife, and the vessel even during the Christmas holiday season, acts nowhere found in any contract and solely performed because of representations of the Defendant or his wife. Prior to entering into the contract, Plaintiff had no way of knowing that Defendant and his wife designed to engage in endless gamesmanship to avoid payment to Plaintiff all while requesting that Plaintiff serve and work much like a 24 hour on duty yachting crew from which everything [wa]s expected.

Id. (emphasis omitted). The plaintiff's contentions that the defendant requested that the "Plaintiff serve and work much like a 24 hour on duty yachting crew," that it act on an almost "on call" basis for the defendant, that it "bent over backwards to service Defendant, his wife . . . during the Christmas holiday season" or that the defendant and

---

[2] The plaintiff alleges two counts of breach of contract (written and oral). The plaintiff seeks to recover over $49,000.00 for breach of the written contract and over $3,000.00 for breach of the oral contract. In its fraudulent inducement claim, the plaintiff seeks to recover "in excess of $49,000.00 and for the additional items purchased by PID's representative or the additional services provided by her which are not in any written contract and total in excess of $3,000.00 . . . ." See Verified Amended Complaint (DE# 11 at 5, 7).

his wife engaged in "gamesmanship" are not contained within the four corners of the Verified Amended Complaint. Consideration of such extraneous matter is improper on a motion to dismiss. See Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) ("When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'") (citation omitted). Even if the Court were to consider these extraneous allegations, they merely show that the core issue raised by the plaintiff is the defendant's failure to pay under the contract. The failure to pay is a risk inherent in every contract and not an independent tort for fraud in the inducement. The plaintiff also argues that "making late evening runs at Defendant's request to Home Depot or Bed Bath & Beyond has nothing to do with the vessel repair contract. This is fraud extraneous to the contract." See Plaintiff's Response to Defendant's Motion to Dismiss Verified Amended Complaint (DE# 22 at 4, 10/19/07). However, these allegations are encompassed within the plaintiff's claim for breach of oral contract (Count II) wherein it states "Defendant asked that [the plaintiff's] principal purchase certain items from Home Depot, Bed Bath [&] Beyond and/or similar department stores for Defendant's benefit." See Verified Amended Complaint (DE# 11 at ¶ 26, 10/2/07). Additionally, the plaintiff makes no attempt to distinguish the damages sought in its breach of contract counts from its fraudulent inducement count.

## **CONCLUSION**

Taking the facts in the light most favorable to the plaintiff, the defendant is entitled to dismissal of the plaintiff's unjust enrichment (Count III) and fraudulent inducement (Count IV) claims. The plaintiff's unjust enrichment claim is defective because the plaintiff alleges that there is a contract between the parties and fails to plead that there is

no adequate remedy at law. Additionally, the plaintiff's fraudulent inducement claim is barred, as a matter of law, by the economic loss rule. Accordingly, it is

ORDERED AND ADJUDGED that the defendants' Motion to Dismiss Verified Amended Complaint with Requests for Maritime Writs of Attachment and Incorporated Memorandum of Law (DE # 21, 10/17/07) is **GRANTED**. It is further

ORDERED AND ADJUDGED that the plaintiff may file a second amended complaint on or before **Tuesday, November 13, 2007** should it wish to plead a proper claim for unjust enrichment.

DONE AND ORDERED in Chambers at Miami, Florida this **30th** day of October, 2007.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies to:

All counsel of record